THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* ORLANDO PARGAS, Defendant and Appellant.

Nos. 11993, 11994, 11995, and 11996. Argued November 3, 1947.— Decided December 3, 1947.

---

*Celestino Iriarte, F. Fernández Cuyar, H. González Blanes,* and *Eduardo Ortiz Reyes* for appellant. *Luis Negrón Fernández, Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice de Jesús delivered the opinion of the Court.

Appellant was sentenced by the court *a quo* on four charges of slander. For the purpose of the trial, the cases were consolidated and it has been done likewise in this Court.

Appellant attacked, at the trial, the sufficiency of the complaints because they did not charge a public offense.

In cases Nos. 11,993 and 11,996 the slandered person was Governor Rexford G. Tugwell and in Nos. 11,994 and 11,995, Dr. Rafael Arrillaga Torréns. We shall first consider cases Nos. 11,993 and 11,996. They refer to statements uttered publicly by appellant at two political meetings held in Barceloneta on October 18 and in Manatí on September 21, 1944, respectively. In the former the words in question were:

"Governor Tugwell is a brigand, a bandit, and a thief because while he has eight automobiles at his disposal with expenses paid by the Insular Treasury and spends and squanders $30,000 a year, the people are starving."

In the second case the words alleged to be slanderous were as follows:

"This Governor of ours is a poor devil (*desgraciado*) and a brigand."

Sections 1, 2, and 3 of Act No. 49 of March 9, 1911 (Laws of 1911, p. 162), which defines and punishes the crime of slander, provides:

"Section 1.—Slander is a false and malicious utterance made by word of mouth in a public manner against a natural person or a body corporate, whereby said natural person or body corporate is charged with the commission of a deed punishable by law.

"Section 2.—Slander is also a *tale* or *report* maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate. (Italics our.)

"Section 3.—Any slanderous statement made publicly, whether in the presence of the injured person or in his absence, shall be presumed to be malicious and shall constitute the crime of slander."

As stated in *People* v. *Garcia*, 21 P.R.R. 153, the utterance alleged to be slanderous must be within the scope of §§ 1 or 2 of the Act, otherwise it shall not constitute the crime of slander. We will examine both cases in the light of this theory.

To say that Governor Tugwell (case No. 11,993) is "a brigand, a bandit, a thief," these words being qualified by the clause "because while he has eight automobiles at his disposal with expenses paid by the Insular Treasury and he spends and squanders $30,000 a year, the people are starving," does not charge any offense. Any person who hears this statement shall immediately notice that the Governor is called "a brigand, a bandit and thief" not because he has committed the crime of theft or any other, but because he has not duly complied with the duties of his office. In *Palou* v. *Ríos*, 23 P.R.R. 337, citing with approval *Fawsett* v. *Clark*, 30 Am. Rep. 481, the following was said:

" 'In an action of slander for words, some of which if spoken and understood in their ordinary sense would certainly be actionable, the jury may consider whether, taking the whole conversation together, *the particular words are so qualified by the other parts of the conversation as to show that they were not intended to convey the idea which their primary and ordinary meaning would give.*' " (Italics ours.)

And, further, citing with approval *Bridgman* v. *Armer*, 57 Mo. App. Rep. 528, it was said:

" 'Simply to call a man a thief is *prima facie* actionable, as it imputes felony, but if it appears that the word was used as a mere term of abuse, and that there was in point of fact no imputation of actual theft conveyed by it, there is no cause of action. Thus, where the defendant said of the plaintiff, "he is damned thief, and was his father before him" but it appeared that the words were uttered in the heat of anger during a conversation respecting the plaintiff's refusal to pay over some money which he had received as executor, Lord Ellenborough directed a nonsuit, saying that it was manifest from the whole conversation that the words as used did not impute a felony.' (Citing authorities.)"

In the well-known work of Martin L. Newell, "The Law of Slander and Libel" (3d. ed., 1914), p. 348, this principle is illustrated by an English case wherein the words uttered were: " 'Thou art a thief, for thou tookest my beasts by reason of an execution, and I will hang thee.' " It was held therein that these words did not charge the offense of larceny. Nor are they comprised in § 2 of our Act. The words in question, although of very bad taste, and doing more damage to the one who utters them than to the person about whom they are uttered, are nothing more than a criticism in gross language to a public officer with respect to the fulfillment of his duties. To this effect we said in *People* v. *Garcia, supra*, citing with approval *Sillars* v. *Collier*, 6 L.R.A. 680:

" ' . . . It is one of the infelicities of public life that a public officer is thus exposed to critical and often to unjust, comments; but these, unless they pass the bounds of what the law will tolerate, must be borne for the sake of maintaining free speech. . . " 'But where the words spoken have simply amounted to the opinion of the speaker, however strongly expressed, as to the disposition of the public officer, the actions have been held not to be maintainable. (Citing authorities.)' "

■ Case No. 11,996 calls for less consideration. As we have pointed out, the words alleged to be slanderous were:

"This Governor of ours is a poor devil (*desgraciado*) and a brigand."

The word "poor devil" (*desgraciado*) does not constitute a public offense. The word "brigand", although it technically means "thief, a highwayman", it has, in the ordinary language in Puerto Rico, another meaning, that of a person who commits or is liable to commit mean acts. We have no doubt that the words "poor devil (*desgraciado*) and brigand,"as they were used, are insulting and abusive, but they do not charge a public offense taking into consideration the circumstances under which they were uttered, nor do they constitute the tale or report mentioned in § 2.

In our opinion, the lower court erred in overruling the demurrer set up against the complaints in cases Nos. 11,993 and 11,996.

■ We will now consider the cases concerning Dr. Rafael Arrillaga Torréns, which are Nos. 11,994 and 11,995. The first one refers to statements made by appellant in a public meeting held at Manatí on September 21, 1944, and the second, to statements made in a meeting which took place in Barceloneta on October 18 following.

In case No. 11,994 the words in question were:

"Dr. Rafael Arrillaga Torréns, who was elected to the House of Representatives by the members of the Socialist Party betrayed his party. Arrillaga Torréns is an indecent traitor."

These words are not actionable. The crime of treason is only committed against the government. The treason mentioned in the preceding paragraph refers to the Socialist Party. Discarding the crime of treason, the word "treason" merely charges the breach of faith or confidence.

These words are not comprised either in § 2 of the Act for they do not constitute the tale or report which it contemplates. These words merely set forth the opinion of the witness with respect to the loyalty that Mr. Arrillaga had for his party.

As to this case (11,994) the lower court also erred in overruling the demurrer.

■ We will now consider case No. 11,995. In it Dr. Arrillaga Torréns was charged with the following:

"Dr. Rafael Arrillaga Torréns, you all must know, is an indecent traitor who betrayed his party for the stomach and surrendered deceiving the ideals of his party."

The words in question do not charge a public offense for the same reason set forth in the discussion of case No. 11,994, but in our opinion they are included in § 2 of the Act, for to say that he betrayed his party "for the stomach", means in ordinary language in Puerto Rico that he forsook his political ideals in exchange for some sort of a gift, which undoubtedly exposes him to public ridicule. Therefore, the court did not err in overruling the demurrer as to this case No. 11,995. Since the charge set forth in the complaint in this case was proved, the lower court did not err in finding him guilty.

For the reasons stated the judgments in cases Nos. 11,993, 11,994 and 11,996 are reversed, and the judgment in case No. 11,995 is affirmed.